UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JUSTICE HINTON,<br>   Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:21-cv-863 (MPS) |
| PEARSON, et al.<br>   Defendants. | :<br>:<br>: |

**RULING AND ORDER**

The plaintiff, Justice Hinton, sought to file this civil rights action *in forma pauperis* pursuant to 28 U.S.C. § 1915.  On July 13, 2021, the court granted the plaintiff's motion to proceed *in forma pauperis* based on his statements that he currently has a balance of $132.91 in his prison inmate account.  *See* ECF Nos. 9-10.  However, an examination of his account history shows that *in forma pauperis* status was improvidently granted.  Accordingly, the order granting the plaintiff's motion to proceed *in forma pauperis* is vacated and the motion is denied.

It is well settled that the decision to proceed *in forma pauperis* in civil cases is committed to the sound discretion of the district court.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 217-18 (1993); *Monti v. McKeon*, 600 F. Supp. 112, 113 (D. Conn. 1984), *aff'd*, 788 F.2d 1 (2d Cir. 1985).  In exercising this discretion under section 1915(a), the district court must determine whether the burden of paying the fees for filing and service would either hamper the plaintiff's ability to obtain the necessities of life or force him to abandon the action.  *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948); *Potnick v. Easter State Hosp.*, 701 F.2d 243, 244 (2d Cir. 1983).

The plaintiff submitted two copies of his inmate account statement, the first showing the period from December 21, 2020 through June 21, 2021, the second showing the period from January 13, 2021 through July 13, 2021. The second statement shows that the plaintiff received over $2,300.00 in 2021, ECF No. 9, and the first statement shows that he received an additional $1,200.00 in December 2020, ECF No. 3. In his motion to proceed *in forma pauperis*, the plaintiff states that in the previous twelve months, he received over $500.00 in gifts and $3,200.00 in government stimulus payments. *See* ECF No. 8 at 2.

All litigants must make decisions about how to spend their money when they are contemplating litigation. "If every inmate were permitted to simply spend funds in the canteen to avoid paying a filing fee, the in forma pauperis review would be a waste of time and effort." *Briand v. State of Fla.*, No. 4:06cv104-WS, 2006 WL 1890189, at *1 (N.D. Fla. July 10, 2006); *see Vann v. Comm'r of N.Y. City Dep't of Correction*, 496 F. App'x 113, 115 (2d Cir. 2012) ("Section 1915(e)(2)(A) serves the purpose of preventing abuse of the judicial system by 'weed[ing] out the litigants who falsely understate their net worth in order to obtain in forma pauperis status when they are not entitled to that status based on their true net worth.'") (quoting *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997) (per curiam)); *see also Lumbert v. Illinois Dep't of Corr.*, 827 F.2d 257, 260 (7th Cir. 1987) ("If the inmate thinks a more worthwhile use of his funds would be to buy peanuts and candy ... than to file a civil rights suit, he has demonstrated an implied evaluation of the suit that the district court is entitled to honor.").

"[W]hen considering a prisoner's affidavit of indigence, 'the district court may "inquire whether, if a prisoner has no cash credit at the moment of filing, he had disabled himself by a recent drawing on his account and if so, for what purposes."'" *Miller v. Brown*, No. CV 112-

166, 2013 WL 1346826, at *2 (S.D. Ga. Feb. 21, 2013) (quoting *Collier v. Tatum*, 722 F.2d 653, 655 (11th Cir. 1983) (quoting *Evans v. Croom*, 650 F.2d 521, 525 (4th Cir. 1981))), *report and recommendation adopted*, 2013 WL 1346710 (S.D. Ga. Apr. 3, 2013).  Courts have denied leave to proceed *in forma pauperis* where inmates had sufficient funds but chose to use the funds for other purposes before filing a motion to proceed *in forma pauperis*.  *See Martin v. United States*, 317 F. App'x 869, 870-71 (11th Cir. 2008) (affirming denial of *in forma pauperis* application where district court found that prisoner had received $1,818 in deposits in the preceding six months but "chose to spend those funds on matters other than this litigation"); *Brown v. Ruiz*, No. 3:20-cv-1202(KAD), 2020 WL 6395480, at *1-2 (D. Conn. Nov. 2, 2020) (noting, in denying motion to proceed *in forma pauperis*, that plaintiff had received deposits in excess of $3,000.00 in the seven months before filing action but spent or sent funds out of facility to qualify for *in forma pauperis status* before filing complaint); *see also Foster v. Wallace*, No. 1:19-cv-00987-SAB, 2021 WL 2292774, at *9 (E.D. Cal. June 4, 2021) ("review of Plaintiff's current trust account statement does support a finding that Plaintiff filed this action in bad faith as it demonstrates that Plaintiff is receiving large monthly deposits and is transferring the funds out of his trust account which indicates he is attempting to avoid paying his financial obligations"); *Kinloch v. Wilcher*, No. CV420-209, 2020 WL 6922628, at *1 (S.D. Ga. Nov. 24, 2020) (adopting ruling vacating order granting motion to proceed *in forma pauperis* where inmate's account statement showed deposits of over $5,000.00 during preceding five months, which funds were spent before filing motion to proceed *in forma pauperis*).

      The plaintiff received over $3,500.00 since late December 2020.  However, he chose to spend the funds in the commissary or send money out of the facility.  His complaint concerns an

incident occurring in June 2020, so it appears he was contemplating litigation when he chose to deplete his funds.  The plaintiff had sufficient funds to pay the filing fee in this case but chose to spend those funds on other things to render himself eligible for *in forma pauperis* status.  Although the plaintiff, unlike the plaintiffs in the cases cited above, acknowledges that he received the funds, this is not the proper use of the *in forma pauperis* statute.

The order granting the plaintiff's motion to proceed *in forma pauperis* [**ECF No. 10**] is **VACATED** and his motions to proceed *in forma pauperis* [**ECF Nos. 2, 8**] are **DENIED**.  The Court notes that the complaint will be deemed received by the court on June 24, 2021, so long as the filing fee is submitted within the time allotted by this order.  Accordingly, all further proceedings in the matter shall be held in abeyance for **thirty (30) days** pending the plaintiff's delivery of the filing fee in the amount of $402.00 (money order or bank check made payable to the Clerk of Court) to the Clerk's Office, 915 Lafayette Blvd., Bridgeport, Connecticut, 06604.  Failure to tender the filing fee within thirty days of this order will result in the dismissal of this action.

**SO ORDERED** at Hartford, Connecticut, this 19th day of July 2021.

_____/s/_____
Michael P. Shea
United States District Judge