## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| JUSTICE HINTON, | : | |
| Plaintiff, | : | CASE NO. 3:21-cv-863 (MPS) |
| | : | |
| v. | : | |
| | : | |
| PEARSON, et al., | : | |
| Defendants. | : | JANUARY 11, 2022 |
| | : | |

_____

### RULING ON MOTION TO AMEND

Plaintiff Justice Hinton, incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, filed this case under 42 U.S.C. § 1983.  On initial review, the Court dismissed several claims and defendants and ordered service by the plaintiff on the federal claim for use of excessive force against defendants Pearson, Rangel, St. Jean, McGregor, Conrad, and Doe in their individual capacities.  *See* ECF No. 13.  The Court subsequently informed the plaintiff that he could file an amended complaint if he could allege facts to remedy the deficiencies identified in the Initial Review Order.  *See* ECF No. 15.  The plaintiff now has filed a proposed amended complaint asserting claims against only defendants Pearson, Rangel, St. Jean, McGregor, Conrad, and McNeil, formerly Doe.  In addition to the federal excessive force claim, the plaintiff asserts state law claims for assault and battery based on the same facts as the excessive force claim, and a new federal claim against defendant McNeil for denial of due process at his disciplinary hearing.

The Court must review prisoner civil complaints and dismiss any portion of the

complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This requirement applies to all prisoner filings regardless whether the prisoner pays the filing fee. *Nicholson v. Lenczewski*, 356 F. Supp. 2d 157, 159 (D. Conn. 2005) (citing *Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam)). Here, the plaintiff paid the filing fee.

Although detailed allegations are not required, the complaint must include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a plausible right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

"Although courts must interpret a pro se complaint liberally, the complaint will be dismissed unless it includes sufficient factual allegations to meet the standard of facial plausibility." *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

I.     Allegations

The Court includes here only the facts relating to the new federal claim. The facts relating to the federal excessive force claim, and supporting the new supplemental state law claims, were set forth in the Initial Review Order. *See* ECF No. 13. As the Court has already determined that the excessive force claim should proceed, the facts are not repeated.

The plaintiff received a disciplinary report for an assault on staff for the June 30, 2020

incident.  ECF No. 16-1 ¶ 39.   Prior to the hearing, Officer Nemeth, who is not a defendant,

asked the plaintiff if he wanted an advisor or had any witnesses.  *Id.* ¶ 40.  Officer Nemeth

discouraged the plaintiff from requesting an advisor, suggesting that an advisor would not be

much help as the advisor would be a correctional employee.   *Id.*  The plaintiff provided a written

statement of his version of the events.  *Id.* ¶ 41.  He also obtained statements from inmate

witnesses.  *Id.* ¶ 42.  The inmate descriptions were identical to the plaintiff's version of events.

*Id.* ¶ 43.

Defendant McNeil conducted the disciplinary hearing.  *Id.* ¶ 44.  McNeil did not show the

plaintiff the video surveillance footage of the incident or any evidence against him during the

hearing.  *Id.* ¶ 45.  When the plaintiff tried to speak, McNeil stated, "Your testimony and your

witness statements don't matter, the C.O.'s word is looked at as the bible and the guilty verdict

won't be overturned because I've viewed all the evidence against you."  *Id.* ¶ 46.  The guilty

finding was upheld on appeal.  *Id.* ¶ 49.

II.   <u>Analysis</u>

A. <u>Use of Excessive Force & Supplemental State Law Claims</u>

The Court has previously determined that the plaintiff stated a plausible Eighth

Amendment claim for excessive use of force.  The plaintiff now seeks to add state law claims for

assault and battery based on the same facts.  Federal courts may exercise supplemental

jurisdiction over state law claims that are so closely related to the federal claims as to form part

of the same case or controversy.  *See* 28 U.S.C. § 1367(a); *see also EIG Energy Fund XIV, L.P.*

*v. Keppel Offshore & Marine Ltd.*, No. 18 Civ. 1047(PGG), 2020 WL 3488037, at *4 (S.D.N.Y.

June 26, 2020) (noting that state law claims arising out of the same facts as federal claims form

part of the same case or controversy).  As the plaintiff's claims for assault and battery arise from the same facts underlying his excessive force claim, the Court will exercise supplemental jurisdiction over the assault and battery claims.

      B.  <u>Denial of Due Process</u>

The plaintiff contends that he was not afforded a fair and impartial disciplinary hearing. The Fourteenth Amendment provides that a state shall not "deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  A claim for violation of procedural due process "proceeds in two steps: We first ask whether there exists a liberty or property interest of which a person has been deprived, and if so we ask whether the procedures followed by the State were constitutionally sufficient."  *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) (per curiam).

In cases involving prisoners—persons whose liberty interests have already been severely restricted by their confinement—a plaintiff complaining of adverse action without due process must show that the adverse action amounted to an "atypical and significant hardship ... in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The plaintiff concedes that his claim is governed by *Sandin*.  Thus, to state a claim against the hearing officer, the plaintiff must show that the disciplinary sanctions caused him to suffer an atypical and significant hardship.

The plaintiff does not indicate what sanctions were imposed at the disciplinary hearing. Without information regarding the disciplinary sanctions imposed, the Court cannot determine whether defendant McNeil subjected the plaintiff to conditions constituting an atypical and significant hardship.

4

Rather than identifying the disciplinary sanctions, the plaintiff alleges that he is in the Security Risk Group Program and, because of the guilty finding, he was regressed from Phase 5 to Phase 2.  He does not allege, however, that defendant McNeil was the person who reclassified him.  Research reveals no cases where a disciplinary hearing officer was held liable for denial of due process for collateral consequences of a guilty finding imposed by other persons.  The due process claim is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

III.   Conclusion

The Clerk is directed to docket the proposed amended complaint.

As the Court previously determined that the federal claim for use of excessive force would proceed against defendants Pearson, Rangel, St. Jean, McGregor, and Conrad, the Court will exercise supplemental jurisdiction over the plaintiff's state law claim for assault and battery based on the same facts as the excessive force claim.

The plaintiff has clarified that defendant McNeil, formerly identified as John Doe, is the hearing officer who presided over the disciplinary hearing and was not an officer involved in the June 30, 2020 incident.  Accordingly, any excessive force claim against defendant McNeil is considered withdrawn.

The due process claim against defendant McNeil is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Finally, the Court notes that in the October 4, 2021 Initial Review Order, the plaintiff was directed to effect service on all defendants, including defendant Doe, and file a return of service within ninety days.  ECF No. 13 at 21.  That time expired on January 2, 2022.  The plaintiff has not even filed the required notice indicating the date on which he mailed notice of lawsuit and

waiver of service of summons forms to each defendant.  Thus, it appears that he has taken no action to effect service of the complaint.  The Court will afford the plaintiff one last opportunity to effect service on the defendants in their individual capacities.  If no return of service is filed by **February 15, 2022** showing that defendants Pearson, Rangel, St. Jean, McGregor, and Conrad have been personally served copies of the amended complaint, this case will be dismissed for failure to prosecute.

      **SO ORDERED** this 11th day of January 2022 at Hartford, Connecticut.

                                        /s/
                              Michael P. Shea
                              United States District Judge